## THE STATE OF KANSAS v. RHEINHARDT FALK.

INTOXICATING LIQUOR— *Illegal Sales by Agent.* Where the bartenders in the employ of the owner or proprietor of a place of business, containing a cigar store in front and a "joint" in the back part, make sales of intoxicating liquors in violation of law, and the evidence proves that such sales were made with the knowledge or assent of the owner or proprietor, or by his direction and authority, such owner or proprietor is liable on account of the sales so made, the same as if made by him in person.

*Appeal from Wyandotte District Court.*

THE facts are sufficiently stated in the opinion.

*Moore & Berger,* for appellant.

*John T. Little,* attorney general, and *A. H. Cobb,* county attorney, for The State; *W. G. Holt,* of counsel.

The opinion of the court was delivered by

HORTON, C. J.: Rheinhardt Falk was convicted on two counts of selling intoxicating liquors in violation of the stat-

ute, and sentenced to 60 days' imprisonment in the county jail, to pay fine of $200, and to be imprisoned until the fine and costs were paid.   He appeals.

It is contended that the prosecution failed to prove that any sale of intoxicating liquors was made by Falk, and therefore that the verdict is not sustained by any evidence. It appears from the record that two persons, named Fritz and John, made the sales testified to.   It is argued on behalf of Falk, who was convicted, that there is no evidence in the record that he aided or abetted these persons in selling intoxicating liquor, or that he was present when the sales were made, or that he had any interest in the "joint" or place where the liquors were sold, or that the sales were made with his knowledge, assent, or direction.   It was ruled in *The State v. Skinner*, 34 Kas. 256, that "where a person acts as clerk or agent of another in selling intoxicating liquors for him, with his knowledge and consent, in violation of law, the principal may be prosecuted and punished for such unlawful sales by his clerk or agent."   There is evidence in the record showing that Falk occupied the place of business where the intoxicating liquors were unlawfully sold; that in his place of business there was a cigar store in front, and a saloon or "joint" in the back part; that John and Fritz were his "two bartenders there;" that he was present most of the time in the cigar store or in the "joint;" that he requested an officer to go to his place of business and disperse the crowd standing in front of it.   These and other matters in the record were sufficient, we think, to authorize the jury to find that the bartenders, John and Fritz, were the clerks or agents of Falk in selling the intoxicating liquors, and that he was the owner or proprietor of the place of business, which included both the cigar store and the saloon or "joint."

The judgment of the district court will be affirmed.

All the Justices concurring.